UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN PAUL LAMANCUSA,

    Plaintiff,

v.                                                    Case No.: 8:17-cv-00398-T-36AAS

COUNTY OF SARASOTA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff James Paul Lamancusa's Motion for More Plaintiff Depositions than Local Rule Limit for Case Management Report ("Plaintiff's Motion for More Plaintiff Depositions") (Doc. 28), and Defendant's Response (Doc. 31).

## I.    BACKGROUND

John Paul Lamancusa ("Plaintiff"), proceeding *pro se*, filed suit against the County of Sarasota ("Defendant") for alleged age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").[1] (Doc. 2). Plaintiff alleges that Defendant discriminated against him based on Plaintiff's age in its hiring practices. (*Id.* at 11). Specifically, Plaintiff claims that he was unfairly passed over for twenty-two job postings for which he applied. (*Id.*). Plaintiff seeks damages as a result of Defendant's alleged violations. (*Id.* at 11–13).

The parties submitted their Case Management Report on September 20, 2017, after which the Court entered its Case Management and Scheduling Order (Docs. 27, 30). In that Order, consistent with Rule 30 of the Federal Rules of Civil Procedure, each party is allowed to take up

---

[1] Plaintiff originally filed his Complaint in the Twelfth Judicial Circuit in and for Sarasota County, but Defendant removed the case to this Court. (Docs. 1, 2).

to ten depositions. (Doc. 30, p. 4). In Plaintiff's Motion for More Plaintiff Depositions (Doc. 28), Plaintiff requests that the Court increase Plaintiff's number of depositions from ten to twenty. Defendant opposes Plaintiff's request.

## II. LEGAL STANDARD

A party may depose by oral examination or written questions any person, including another party. *See* Fed. R. Civ. P. 30(a)(1), 31(a)(1). However, a party must obtain leave of court before exceeding ten depositions. *See* Fed. R. Civ. P. 30(a)(2), 31(a)(2). Additionally, once the Court enters a scheduling order, that order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" requires the moving party to show that the scheduling order cannot be met despite due diligence. *See S. Grouts & Mortars, Inc. v 3M Co.*, 575 F.3d 1235, 1251 n.3 (11th Cir. 2009) (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

The party requesting more than ten depositions must make a "particularized showing of why the discovery is necessary." *See Jones-Walton v. Villas at Eve Condo. Ass'n, Inc.*, No. 6:15-CV-995-ORL-22TBS, 2016 WL 6071736, at *2 (M.D. Fla. Oct. 17, 2016) (citing *Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003)).[2] In making this particularized showing of need for a greater number of depositions than permitted by the Federal Rules of Civil Procedure, the moving party should consider the following principles:

---

[2] Discovery-related motions, like Plaintiff's Motion for More Plaintiff Depositions, are typically handled by U.S. Magistrate Judges. Therefore, most of the relevant case is made available on online legal databases, like Westlaw. The Judge Lynn Gerald Law Library offers free access to these legal databases to the public. The Judge Lynn Gerald Law Library is located at 1700 Monroe Street, 1st Floor, Fort Myers, FL 33901, and can be reached at 239-533-9195.

> (i) [whether] the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) [whether] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; [and]
>
> (iii) [whether] the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## III. ANALYSIS

In his motion, Plaintiff asserts that to prove Defendant's discriminatory actions and that a discriminatory environment existed at the County between 2011 and 2016, he will have to depose a number of past and present County employees. (Doc. 28, p. 2). Plaintiff submits that he will need testimony from Human Resources ("HR") management personnel, HR staff, the hiring authority at the County, County employees who participated in the candidate selection process, Information Technology staff involved with the relevant job postings, and management personnel from outside contractors charged with compiling the relevant job postings data. (*Id.* at 2–3). Thus, Plaintiff lists up to forty-six depositions he anticipates that he may need to take and then asks the Court to allow him to conduct a maximum of twenty depositions—ten more than the Case Management and Scheduling Order permits. (*Id.* at 4).

Defendant responds by arguing that Plaintiff did not make a particularized showing as to why additional discovery is needed. (Doc. 31, p. 2). Moreover, Defendant argues that Plaintiff's motion should be denied as discovery has not yet started. (*Id.* at 3). According to Defendant, Plaintiff is unable to show a particularized need for more depositions until after the allowed amount of depositions has been exhausted. (*Id.* at 4).

While Plaintiff asserts that twenty depositions are needed to prove his age discrimination case, the Court agrees with Defendant that it is "difficult, if not impossible" for Plaintiff to make a particularized showing establishing good cause to double his allotted number of depositions since discovery has not yet begun. *See Maxtak Capital Advisors, LLC v. Parker Vision, Inc.*, No. 3:12-CV-1126-J-25JRK, 2013 WL 12161858, at *2 (M.D. Fla. Mar. 7, 2013). If, after completing the ten depositions allowed under the Court's scheduling order, Plaintiff still takes the position that additional depositions are required, then Plaintiff may move the Court to permit Plaintiff to take additional depositions. To succeed, Plaintiff must show good cause by making a particularized showing as to why the additional depositions are necessary.

## IV. CONCLUSION

After due consideration, it is **ORDERED** that Plaintiff's Motion for More Plaintiff Depositions than Local Rule Limit for Case Management Report (Doc. 28) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on this 16th day of October, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4